salvage, out of the Rebecca Clyde and her cargo, and will decree the same to be paid, with costs. The answer prays that the court will decree what is a fair and just remuneration for the services set out in the answer, and will decide what the cargo and vessel respectively shall pay; that no costs be awarded against the claimants; and that the libellants be decreed to pay costs, if their action shall seem to the court to have been unnecessary and mischievous in commencing this suit.

---

## Case No. 11,622.

### The REBECCA CLYDE.

[12 Blatchf. 403.] [1]

Circuit Court, S. D. New York. Jan. 13, 1875.

JUDGMENT—APPEAL—INTEREST.

The district court awarded to a libellant a sum of money, as salvage. Both parties ap-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

pealed to this court, which awarded to the libellant the same sum: *Held*, that the libellant was not entitled to interest on such sum, from the date of the decree of the district court.

[Followed in The C. P. Raymond, 36 Fed. 336.]

[Appeal from the district court of the United States for the Southern district of New York.]

In this case, which was a libel for salvage, filed in the district court, that court awarded to the libellants a sum of money, as salvage. [Case No. 11,621.] Both parties appealed to this court, which decided that the sum awarded by the district court was a proper allowance. [Case unreported.] The libellants now applied to be allowed, by the decree, interest on such sum, from the date of the decree of the district court.

Erastus C. Benedict, for libellants.

George A. Black, for claimants.

WOODRUFF, Circuit Judge. Had the libellants acquiesced in the decree in the court below, so that it could be fairly said that they were kept out of the money awarded to them for salvage, by the continued resistance of the claimants to what that court and this have deemed their just right, I should have been disposed to allow them interest on the amount awarded. But their own appeal, in connection with that of the claimants, presents the case in one of two aspects, alike forbidding such allowance. Either they have, by their own appeal, deprived themselves of the right to enforce the decree, and so the delay in the payment of the amount is the result of their own act; or, the fact that both parties appealed made it a matter of so much uncertainty what amount was due, that the amount of salvage stands in the category of an unliquidated amount, which does not, in general, bear interest. By their own act, the libellants placed the claimants in a situation in which they could not discharge their obligation, if they would. Interest ought not, I think, to be allowed.