DEAN vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

DAMAGES: *(1) For animal killed by negligence. (2) Allowance of interest in actions for tort.*
EXCEPTIONS: *(3) Must be specific.*
REVERSAL OF JUDGMENT. *(2) Slight excess in damages. (4) Harmless, inaccuracy in charge.*

| 43 | 305 |
| 87 | 668 |
| 43 | 305 |
| 93 | 371 |

1. In assessing damages for an injury to live stock which necessitated its killing, only the *net* amount which should have been realized from a sale of it, after reasonable *allowance made for time and trouble required in effecting the sale*, should be deducted from the value of the stock.

2. For injuries to property, interest may be recovered *from the commencement of the action*, on the immediate damages *(Chapman v. Railway Co.,* 26 Wis., 295); but whether an allowance of interest *from the date of the injury* would be upheld in any case, and, if not, whether such allowance of interest upon a sum less than $45 for a few months would justify reversal of a judgment, *quære.*

3. An instruction stated the rule of damages in other respects correctly, and added that interest might be allowed from the date of the injury. An exception "to said instruction and to each and every part thereof," *held*, not sufficiently *specific* to raise the question whether the time for which interest might be allowed was correctly stated.

4. A judgment will not be reversed for an inaccuracy in the charge which could not injure the appellant in view of the evidence.

APPEAL from the Circuit Court for *Milwaukee* County.

At about six o'clock in the morning of September 6, 1875, as the plaintiff's servant was driving the plaintiff's cows across defendant's railroad in the city of Milwaukee, a passing locomotive ran against one of the cows and fatally injured her. This action is to recover damages therefor. The hip of the cow was broken, and all of her ribs on one side were broken from her backbone. The plaintiff saw the cow immediately after she was injured. He did not then ascertain the extent of her injuries, nor do anything with her, but went at once to his daily work, returning at six o'clock in the evening of the same day. Finding the cow still alive, he had her killed and skinned the same evening, and sold some of the meat for food. He received $8.50 for the meat sold and the hide. He testified on the trial (and his testimony is undisputed), that at the time she was injured the cow was worth $50 for milking purposes, and $40 for beef.

The questions chiefly litigated on the trial seem to have been, whether the cow was injured through the negligence of defendant's employees in charge of the locomotive, and whether the plaintiff or his servant was guilty of negligence which contributed to the injury.

At the request of defendant's counsel, the judge instructed the jury as follows: "If the cow was fit for beef, and not killed outright, and only so injured that it was fit for food, it was the duty of the plaintiff to dispose of her to the best advantage, and he had no right to abandon her wantonly and claim full value." The judge, of his own motion, further gave this instruction: "If you find for the plaintiff, you will find the value of the cow, deducting however from the value as you find it, the amount which plaintiff received from the disposition of her after she died; and plaintiff would also be entitled to receive whatever the balance would be, with interest upon it from that time to the present." Defendant excepted to "said last instruction or charge, and to each and every part thereof."

Dean vs. The Chicago & Northwestern Railway Company.

The jury found for the plaintiff, and assessed his damages at $45.30. A motion for a new trial was denied, and judgment entered pursuant to the verdict; and defendant appealed.

For the appellant, a brief was filed by *Dixon, Hooker, Wegg & Noyes*, and the cause was argued orally by *George H. Noyes*. They contended, 1. That a judgment will be reversed, and a new trial granted, for inconsistent instructions, where the inconsistency may have misled the jury. *Sears v. Loy*, 19 Wis., 96; *Gove v. White*, 23 id., 282; *Imhoff v. Railway Co.*, 20 id., 344; *C., B. & Q. R. R. Co. v. Dunn*, 61 Ill., 385; *Miss. C. R. R. Co. v. Miller*, 40 Miss., 45; *South. R. R. Co. v. Kendrick*, id., 374. 2. That the instruction as to the rule of damages given at defendant's request was correct, and that given subsequently in the general charge erroneous *(Ill. Cent. Railway Co. v. Finnigan*, 21 Ill., 646; *T., P. & W. Railway Co. v. Parker*, 49 id., 385; *T., P. & W. Railway Co. v. Sweeney*, 41 id., 226; *Loker v. Damon*, 17 Pick., 284; *Douglass v. Stephens*, 18 Mo., 362; 2 Greenl. Ev., 254, § 261, and note); and that, upon the facts shown by plaintiff's own evidence, the jury should have been allowed to exercise their common sense and information as to what plaintiff's necessary and reasonable damage would have been if he had exercised proper diligence after ascertaining the injury. *Prahl v. Gerhard*, 25 Wis., 466–7; *Eaton v. Woolly*, 28 id., 628–32; *Blair v. Railway Co.*, 20 id., 262; *Jef. Ins. Co. v. Cotheal*, 7 Wend., 72; Wells on Questions of Law and Fact, 444, § 535. 3. That in actions of tort, interest *may* be allowed by the jury, but they should not be instructed that plaintiff is entitled to it as matter of law (Sedgw. on Dam., 385–6; 2 Parsons on Con., 382, and note; *Lincoln v. Claflin*, 7 Wall., 132; *Meyer v. Railroad Co.*, 64 Mo., 542; *Atkinson v. Railroad Co.*, 63 id., 367; *Kenney v. Railroad Co.*, id., 99; *Walrath v. Redfield*, 18 N. Y., 457; *Holmes v. Misroon*, 3 Brev. (S. C.), 209; *Fowler v. Davenport*, 21 Texas, 626); and that if the contrary doctrine be regarded as established here by *Chapman v.*

*Railway Co.*, 26 Wis., 295, and *McArthur v. G. B. & M. Canal Co.*, 34 id., 139, still it was error to direct the jury to allow interest from the date of the injury, instead of from the commencement of the action. *McMahon v. R. R. Co.*, 20 N. Y., 463, 469–70; *McCollum v. Seward*, 62 id., 316–318; *Renss. Glass Factory v. Reid*, 5 Cow., 587, 623–633; *Anon.*, 1 Johns., 315; *Campbell v. Mesier*, 6 Johns. Ch., 21; *Thompson v. Stewart*, 3 Conn., 171; *Porter v. Bussey*, 1 Mass., 436; *Hubbard v. R. R. Co.*, 11 Met., 124; *Gay v. Gardiner*, 54 Me., 477; *Brackett v. Edgerton*, 14 Minn., 174; *McIlvaine v. Wilkins*, 12 N. H., 474; *Simons' Ex'rs v. Walter's Ex'r*, 1 McCord (S. C.), 97; *Marsh v. Fraser*, 37 Wis., 149; *Lusk v. Smith*, 21 id., 27; *Gammell v. Skinner*, 2 Gall., 45.

*Jared Thompson, Jr.*, for the respondent.

LYON, J.  No error is assigned upon the instructions of the county judge on questions of negligence, and the verdict of the jury disposes of those questions adversely to the defendant.  A reversal of the judgment is claimed on two grounds: 1. Because (as it is alleged) the judge gave conflicting instructions as to the rule of damages; and 2. Because he directed the jury, if they found for the plaintiff, to allow interest on the damages from the time the cow was injured.  These are the only errors assigned on this appeal.

1. There is an apparent conflict between the two instructions which the court gave the jury.  That given at the request of counsel for defendant is, substantially, that the measure of damages is the difference between the value of the cow before she was injured, and the sum which the plaintiff might have realized for her had he disposed of her to the best advantage after she was injured; while the other instruction is, that the measure of damages is the difference between such value and the sum the plaintiff actually realized.

Under the evidence we think the conflict is only apparent — not real.  It is manifest that when the plaintiff testified

that the cow was worth $40 for beef, he referred to her value before she was injured.   He says " she was worth $40 for beef *at that time;*" and speaking of her value for milking purposes, he also says that she was worth $50 *at the time.*   The time referred to in both cases was doubtless a time immediately preceding the injury.   There is no proof of her value for beef after she was injured, or that she was suitable for beef thereafter.   In the absence of proof on the subject, we may be permitted to doubt whether the carcass of an animal bruised and broken as this was, is fit for human food, and especially so when the animal was a milch cow.   Neither is there any evidence tending to show that the carcass was not worth as much after the cow was killed in the evening, as it would have been had she been killed immediately after she was injured; or that the plaintiff failed to dispose of it to the best advantage.   The plaintiff testified that the cow was as good at night as in the morning — meaning, no doubt, that she was worth as much killed at night as she would have been had she been killed on the morning of the injury.   There is no direct evidence to the contrary.

As the evidence stands, the jury must necessarily have found that the plaintiff disposed of the remains of his cow to the best advantage.   Hence, under the instruction given on behalf of the defendant, they must necessarily have assessed the same damages that they would have assessed under the other instruction.   Had either instruction been omitted, the result must have been the same.

We leave this branch of the case with the remark that the rule of damages was laid down too favorably to the defendant; for the plaintiff was entitled to a reasonable allowance for his time and trouble in disposing of the remains of his cow, and should only have been charged with the net proceeds realized, or which might have been realized by him, after deducting such allowance.

2. In *Chapman v. Railway Co.*, 26 Wis., 295, which was a

case like this, a direction to the jury to allow interest from the commencement of the action, on the immediate damages suffered by the plaintiff, was upheld. We do not understand that the authority of that ruling has been shaken by any subsequent decision of this court. In the present case the direction was to compute interest on the immediate damages from the time the cow was killed. This may have been an unjustifiable extension of the rule of *Chapman v. Railway Co.* We do not say whether it is so or not. If it is so, it may be that the improper allowance of interest on an insignificant sum for the few months intermediate the injury and the commencement of the action presents a case for the application of the maxim, *de minimis non curat lex.* However that may be, we think no sufficient exception was taken to the instruction to enable us to review it on this appeal. The exception is to "each and every part" of the instruction. This is but a general exception to the whole instruction. To be available, it should have been specific; for it is well settled that a general exception to an instruction is insufficient if any portion of the instruction can be upheld. We have already seen that, under the evidence, the balance of the instruction is unobjectionable. Had the exception been specific, the attention of the learned county judge would have been directed by it to the alleged error, and probably he would have required the plaintiff to remit the excess of interest as a condition of denying the motion for a new trial. See *Eldred v. Oconto Co.*, 33 Wis., 133, and cases cited. It may also be observed that the grounds assigned therefor in the motion for a new trial are equally general, and the exception to the order denying the motion does not aid the defective exception, as it did in *Wells v. Perkins, ante,* p. 160.

The insufficiency of the exception was not noticed on the argument of the cause; but it is disclosed in the record, and we cannot disregard it.

Finding no error in the record which the defendant can be

heard to allege, we must affirm the judgment of the county court.

*By the Court.* — Judgment affirmed.