THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. CAL. R. GABBERT.

1. JACK *in Fenced Field, Killed on Unfenced Railroad; Negligence.* Where a person permits his jack, about one year old, to run upon his own premises, which are inclosed with a fence, but through which a railroad, not inclosed with a fence, is constructed and operated, and the jack is unattended by anyone, and passes from the plaintiff's premises upon the unfenced railroad track, and is there killed by the railroad company in the operation of its railroad, *held,* that the plaintiff is not guilty of such culpable contributory negligence as to prevent his recovering the value of the animal killed; and this whether the herd law of 1872 is in operation in the county where the animal is killed, or not.

2. EVIDENCE *of Value, Based on Description.* Where the question of the value of a particular jack is in issue, a witness may be allowed in some cases to testify with regard to the value of jacks in general of the description, kind and age of the jack in question, although he has never seen the particular jack in question and has no personal knowledge thereof.

3. —————— *Answer Admitting Fact.* Where a petition inferentially states a fact, and the answer admits the fact, and the defendant objects to the introduction of any evidence under the petition because it does not state such fact, and the court overrules the objection, *held,* not error.

4. DAMAGES; *Measure of Recovery.* In an action under the railroad stock law of 1874, for the value of an animal killed by the railroad company in the operation of its railroad, *held,* that the plaintiff can recover only what the statute permits him to recover, and cannot recover interest on the value of the animal killed prior to the day of trial.

### *Error from Rice District Court.*

ACTION brought by *Gabbert* against *The Railroad Company,* to recover $500 and an attorney's fee, for killing a

jáckass belonging to the plaintiff. Trial at the March Term, 1884, and verdict for plaintiff for $280.13 damages, and $25 attorney's fee. New trial denied, and judgment on the verdict for plaintiff, and for costs, taxed at $155.75. The defendant company brings the case here. The facts are stated in the opinion.

*A. A. Hurd, John Reid,* and *Robert Dunlap,* for plaintiff in error; *George W. McCrary,* general counsel.

*Wm. J. Fuller,* and *A. M. Lasley,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Cal. R. Gabbert in the district court of Rice county, against the Atchison, Topeka & Santa Fe Railroad Company, to recover the sum of $500 and an attorneys' fee, for the killing of a one-year-old jackass belonging to the plaintiff. The plaintiff alleged, among other things, the failure on the part of the defendant to fence its railroad, the straying of the animal from the plaintiff's premises upon the railroad track without any fault on the part of the plaintiff, and the killing of the animal by the railroad company in the operation of its railroad. All proper allegations were set forth in the plaintiff's petition necessary to enable him to recover under the railroad stock law of 1874.

The defendant in its answer denied generally the allegations of the plaintiff's petition, and also alleged that in Rice county, where the animal was killed, the herd law of 1872 was in force, and that the animal was running at large, in violation of said herd law, when it was killed. To this answer the plaintiff replied by filing a general denial. The case was tried before the court and a jury. Upon the trial it appeared that the railroad was constructed through the plaintiff's land; that the plaintiff's land was inclosed with a fence, but that there was no fence separating the defendant's right-of-way from the plaintiff's land occupied by the plaintiff. Whether the herd law of 1872 was in

1. Jack in fenced field, killed on unfenced railroad.

force or not in Rice county, where the animal was killed, and at the time of the killing, is a disputed question of fact. The defendant claims that it was, but the plaintiff claims that it was not. For the purposes of this case, however, it is immaterial whether such herd law was in force or not in that county; for the plaintiff's jack was pasturing upon his own premises, which were inclosed by a fence, and such jack was not in any sense running at large in violation of any law. (*A. T. & S. F. Rld. Co. v. Riggs*, 31 Kas. 622.) But still the defendant below, plaintiff in error, claims that the plaintiff cannot recover, upon the ground that the plaintiff was guilty of contributory negligence in permitting his jack to run upon his own premises, unattended by anyone, and without having a fence ordinarily sufficient to prevent such jack from passing upon the defendant's railroad track. This question the defendant below raised by offering to introduce certain evidence, which the court refused, and also by asking the court to give certain instructions to the jury, which the court also refused. Now, while we think that the owner of stock may in some cases be so guilty of contributory negligence that he cannot recover under the stock law of 1874, for animals killed or injured by a railroad company in operating its unfenced railroad, yet we do not think that the evidence offered in the present case tended to show that the plaintiff was guilty of any culpable contributory negligence, or that the instructions asked for by the defendant would have been proper in the case. It is true, as stated in the case of the *A. T. & S. F. Rld. Co. v. Riggs*, 31 Kas. 631, 632, that—

"If the owner of an animal should *negligently* permit the same to enter upon the railroad company's track at or about the time when a train was passing, and the animal should thereby be injured, the owner could not recover. And although the owner of live stock may permit the same to pasture on his own land in the vicinity of a railroad track, and although the railroad company may be in fault in not building a fence, yet the owner must use reasonable and ordinary care and diligence for the safety and protection of his stock, or he cannot recover."

But that is not this case. In the present case, the defendant, in offering to introduce the foregoing evidence and in asking the foregoing instructions, virtually asked the court to say as a matter of law that if the plaintiff permitted his "jack to run upon his farm unattended by anyone, or without having a fence ordinarily sufficient to prevent such jack from passing upon the defendant's track," the plaintiff could not recover. This is not the law. Besides the case already cited, see also in this connection *A. T. & S. F. Rld. Co. v. Shaft*, 33 Kas. 521 ; *Mo. Pac. Rly. Co. v. Bradshaw*, 33 id. 533; *Prickett v. A. T. & S. F. Rld. Co.*, 33 id. 748.

The plaintiff in error, defendant below, also claims that the court below erred in permitting certain evidence to be introduced tending to show the value in Rice county of jacks in general of the description, kind and age of the plaintiff's, by a witness who had never seen the plaintiff's jack and had no personal knowledge thereof. As we understand it, it is not claimed that the witness was not competent to testify with regard to the value of jacks in general in Rice county ; but it is claimed that such evidence is not competent to prove the value of the plaintiff's particular jack. Such evidence may in some cases be competent, and in the present case we think it was competent.

2. Evidence of value, based on description.

It is also claimed that the petition did not state that the animal was killed in Rice county, and therefore that the court below erred in overruling the objection made by the defendant to the introduction of any evidence under the petition, because of its supposed insufficiency. The petition, however, did state that the killing was done in Rice county, although it stated it only inferentially and not in express terms. The petition states that the defendant operated its line of road through Rice county, and that, at a point about four and one-half miles east of Lyons, Kansas, it killed the plaintiff's jack "while operating *such railway*, by said defendant running its engine and cars, that were *then and there passing over the line aforesaid*, against and over said jack." The answer also admits that the animal was killed in

3. Answer admitting fact inferentially stated in petition.

Rice county, and the animal was in fact killed in Rice county. Besides, this question was raised simply by an objection to the introduction of any evidence under the petition.

The plaintiff in error, defendant below, also claims that the court below erred in giving the following instruction to the jury:

"If you should find from the evidence that plaintiff is entitled to recover, the measure of his damages is the actual market value of the jack killed, with 7 per cent. interest from the date of the demand till the present time, but the entire amount cannot in any event exceed $500."

The portion of this instruction objected to is that portion which instructs the jury to give to the plaintiff 7 per cent. interest on the value of the jack killed. We think the instruction to this extent is erroneous. It must be remembered that this is a special statutory action under the railroad stock law of 1874. (Laws of 1874, ch. 94; Comp. Laws of 1879, ch. 84, ¶¶ 4915 to 4919.) Under said railroad stock law, a railroad company whose road is not inclosed with a good and lawful fence to prevent animals from being on such road is "liable to pay the owner the full value of each any [and] every animal killed, and all damages to each and every animal wounded" in the operation of its railroad, irrespective of negligence on the part of the railroad company; and the owner of the animal killed or wounded "may sue and recover from such railway company or corporation, or the assignee or lessee thereof, the full value of such animal, or damages thereto, together with a reasonable attorney's fee for the prosecution of the suit, and all costs in any court of competent jurisdiction in the county in which such animal was killed or wounded;" and no statute provides for giving interest on the value of the animal killed or wounded; and therefore we think that interest cannot be recovered in actions under the railroad stock law where the animal is killed as in the present case. (*T. P. & W. Rld. Co. v. Johnston,* 74 Ill. 83; *H. & T. C. Rld. Co. v. Muldrow,* 54 Tex. 233; *Meyer v. A. & P. Rly. Co.,* 64 Mo. 542; *De Steiger v. H. & St. J. Rld. Co.,*

4. Damages; interest not allowed.

73 id. 33; same case, 7 Am. & Eng. Rld. Cases, 492; 2 Sedgwick on Damages, side-page 377.)

There are cases of tort at common law in which interest, or, perhaps more properly speaking, damages in the nature of interest, may be allowed. (*Mote v. C. & N. W. Rly. Co.*, 27 Iowa, 22; *Dean v. C. & N. W. Rly. Co.*, 43 Wis. 305; 3 Parsons on Contracts, side-page 105.) But this is not one of such cases. This is not an action at common law, but, as before stated, is purely an action under the statute, the railroad stock law of 1874, which is a stringent law, giving to parties an action where none existed before, giving damages where none could have been recovered before, and giving an attorney's fee in the same action — a thing unknown to the common law; and therefore where parties choose to sue under such statute, they must be satisfied with just what the statute itself gives them.

The judgment in this case, with the consent of the plaintiff below, defendant in error, will be modified by deducting interest from the amount recovered at the rate of seven per cent. from the date of the demand, to wit, July 25, 1882, to the date of the verdict, to wit, March 24, 1884; but if such consent is not given, the judgment of the court below will be reversed, and the cause remanded for a new trial.

Judgment modified.

All the Justices concurring.