## The C. P. Raymond.[1]

### Browne *et al. v.* The C. P. Raymond.

*(Circuit Court, S. D. New York.    December 9, 1887.)*

1. ADMIRALTY—PRACTICE — APPEAL FROM DISTRICT TO CIRCUIT COURT—INTEREST ON DECREE.

   Where both parties appeal from the decision of the district court apportioning damages in a collision case, the circuit court, on affirming the decree of the district court, will not allow interest thereon.

2. SAME—APPEAL—COSTS—APPORTIONMENT.

   Where the libelants and one of two claimants appeal from the decree of the district court apportioning damages in a collision case, and the same is affirmed by the circuit court, the costs of the other claimant (appellee) will be apportioned between the appellants, each appellant bearing his own costs.

In Admiralty. Libel for damages. On appeal from district court. 26 Fed. Rep. 281.

The libel in this cause was filed by the owner of the bark Margaret Mitchell for damages alleged to have been sustained by her and her cargo, while in tow of the tug C. P. Raymond, through a collision with a float in tow of the steam-tug George L. Garlick. The district court found that the collision occurred through the fault of the Raymond and the bark, and dismissed the libel as to the Garlick, and decreed a division of the damages and costs between the tug and bark, from which decree both appealed.

WALLACE, J    Upon the authority of *The Rebecca Clyde*, 12 Blatchf. 403, interest after the date of the decree of the district court cannot be allowed the libelants. The costs of the claimant of the Garlick upon the appeal to this court are to be taxed against both appellants, and apportioned between the libelants and the claimants of the Raymond. The decree should provide for four days' notice to sureties on appeal, in accordance with rule 136 of the circuit court, and 144 of the district court. Each appellant must bear his own costs of the appeal. *The North Star*, 106 U. S. 29, 1 Sup. Ct. Rep. 41.

[1]Affirming 26 Fed. Rep. 281.