THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY v. HELEN A. BERRY.

1. VERDICT, *Refusal to Receive—Received under Supreme Court Mandate.* A general verdict in favor of the plaintiff, and answers to special questions supporting such general verdict, were returned by the jury, which the court declined to receive or record, but permitted to be filed in order that the whole proceedings in the case might appear on the record. The court then directed the jury to render a general verdict in favor of the defendant, which was done, and thereupon judgment was entered against the plaintiff for costs. The case was then brought to this court, which reversed the judgment and directed judgment in favor of the plaintiff for the amount found by the jury. *Held,* That the

verdict is to be treated as having been first received when the mandate of this court was presented to the district court, and that the defendant might within three days thereafter, and at the same term, file a motion for a new trial for errors of law occurring at the trial.

2. NEW TRIAL, *Motion for, Overruled—Review.*   A motion for a new trial having been filed and overruled, the action of the court can only be reviewed on a transcript of the whole record or a case-made showing so much of the proceedings of the court as are necessary to present the errors complained of.   None of the proceedings of the court at the trial being shown in the case attached to the petition in error, the ruling of the court on the motion for a new trial is conclusive.

3. INTEREST—*Erroneous Allowance.*   As the trial court refused to treat the verdict in favor of the plaintiff as a verdict until required to do so by a mandate of this court, the liability of the defendant did not become fixed until after the judgment was rendered by direction of this court, and no interest accrued thereon prior to the time the mandate of this court was presented and acted on by the district court.   It was error to allow interest from the time the verdict was brought in by the jury.

*Error from Bourbon District Court.*

ACTION by *Helen A. Berry,* against the *Railroad Company,* to recover damages for the killing of her husband.   The facts fully appear in the opinion herein, filed April 30, 1895.

*Wallace Pratt, C. W. Blair,* and *I. P. Dana,* for plaintiff in error :

The judgment is not according to the mandate. The mandate required the court below to enter judgment on the "general verdict in favor of plaintiff." The only amount named in that verdict was $5,000 ; but judgment was rendered for $6,298, and under the laws of the state interest at 6 per cent. has been accumulating on the latter sum ever since.  This was not a compliance with the mandate, but it was in flat disobedience of its terms, and the judgment should be

reversed for that reason, if for no other ; and this, too, irrespective of the question whether this court could have required the court below to add interest to the verdict or not. It certainly did not direct interest to be added, and therefore the district court had no right to add it. In doing so it disregarded the mandate, and its action was erroneous. The judgment should conform to the mandate, without regard to the proceedings subsequent to its rendition, which in cases like this should be the same as though the district court had rendered the judgment without any mandate and in the ordinary course of a trial.

Until the mandate from this court was filed in and presented to the district court on May 16, 1894, the verdict on which the district court then rendered judgment never was or had been a verdict in contemplation of law.

At common law, interest was not allowed in any case ; interest was treated as usury is now, and the charging or collecting of it was a punishable offense. 11 Am. & Eng. Encyc. of Law, 379. In this country, the statutes of all the states allow interest, but interest is held to be entirely the creature of statute and only allowed where so authorized. Id. 380, and cases cited under note 1. At common law, interest could be recovered on a judgment only in a separate proceeding, id. 391 ; but in this country the right is given by statute in most states to include interest on the judgment in the execution issued thereon. Interest is generally allowed by law on two grounds : First, by contract, express or implied ; and, second, by way of damages, either for default on payment of a debt, or for a use or benefit derived from the money of another. Id., notes 2, 3 and 4. See *Kelsey v. Murphy*, 30 Pa. St. 340.

A difference has sometimes been recognized between a case where the party, against whom the verdict is rendered, delays the entry of judgment thereon, and a case where such delay is due to other causes. This was so in *Gibson v. Enquirer*, 2 Flippin, 88, where a United States district judge held that a verdict having been rendered for plaintiff, and defendant having filed a motion for a new trial, which was postponed from time to time, interest should be allowed from the date of rendering a verdict. This case is further distinguishable from the case at bar in that the federal judge further supported his ruling by announcing that, as the jury might calculate interest upon the amount of damages actually sustained and add it to the verdict under the Ohio rules and statutes (he was considering a case controlled by the Ohio law), it was proper to allow plaintiff interest upon the sum returned by the jury in his favor from the date it was so returned. See *Bowman v. Wilson*, 2 McCr. 394; *The Rebecca Clyde*, 12 Blatchf. 403.

It has been held that without express legislation, neither contracts, judgments nor decrees would bear interest. *Hamer v. Kirkwood*, 25 Miss. 95; *Reece v. Knott*, 3 Utah, 451. This must be as true of a verdict as of a judgment, and certainly there is no provision or intimation in the statutes of Kansas that interest will be allowed on a verdict, as there is in some states. See *Redfield v. Iron Co.*, 110 U. S. 174; Gen. Stat. of 1889, ¶ ¶ 3497, 3500, 3501, 4505; *Church v. Goodin*, 22 Kas. 527; *Railroad Co. v. Gabbert*, 34 id. 132–136; *Simmons v. Garrett*, McCahon, 82; *Educational Association v. Hitchcock*, 4 Kas. 36; *Wilson v. Means*, 25 id. 83.

*E. F. Ware*, for defendant in error, submitted *Gibson v. Enquirer*, 2 Flippin, 88.

The opinion of the court was delivered by

ALLEN, J. : The facts in this case as it was first presented to this court appear in 52 Kas. 759. This court, on the case then submitted, held that the district court erred in refusing to receive and enter the verdict of the jury, and directed that judgment be entered in favor of the plaintiff for the amount of the verdict. A mandate was duly issued and filed in the district court of Bourbon county, and on the 16th day of May, 1894, it was presented to the court with a motion for judgment thereon. Thereupon the defendant filed a motion for a new trial on various grounds. This motion was overruled, and the defendant excepted. A journal entry incorporated in the case-made recites :

"Now on this May 16, 1894, came on to be heard the above-entitled cause on plaintiff's motion for judgment on the supreme court's mandate filed here May 9, 1894, the plaintiff appearing by her attorney, E. F. Ware, and defendant by its attorney, I. P. Dana. Defendant asked the court to allow it a reasonable time, before rendering any judgment in plaintiff's favor, to file here a transcript of the testimony introduced at the trial of the cause in January, 1890, and a transcript of the charge given by the judge to the jury at that trial, and also asked the court for leave to present to it for review errors of law which occurred at said trial ; each of which requests and applications the court refused and overruled, and to each such ruling of the court defendant at the time duly excepted and excepts. Thereupon, arguments having been heard on plaintiff's said motion, the court doth order, adjudge and decree : First, That the judgment heretofore rendered herein on January 18, 1890, which is recorded in journal "P," at page 433 of the records of this court, be set aside and held for naught, said judgment being the one rendered in favor of the de-

fendant and against the plaintiff for costs; second, that the plaintiff have and recover of and from the defendant the sum of $5,000, the amount named in the verdict of the jury in favor of plaintiff, filed January 18, 1890, together with 6 per cent. interest thereon from the date of said verdict, being a total sum of sixty-two hundred and ninety-eight ($6,298) dollars.''

Twenty-five days were given the defendant to make and serve a case for this court. The defendant then filed a motion for rehearing, which was overruled. (52 Kas. 774.)

Counsel for plaintiff in error argue with great earnestness and force that the general verdict in favor of the plaintiff for $5,000 and the special findings of fact were never recognized by the trial court as verdicts until after the mandate of this court was presented directing that they be received and filed and judgment entered thereon; that at the time of the trial the court refused to receive or recognize these verdicts as verdicts, but directed a general verdict in favor of the defendant, on which it entered judgment; that however much the court might have erred in the conduct of the trial, however unsupported by law or the facts the verdict on which this court directed judgment to be entered might be, the defendant, having a verdict in its favor and a judgment thereon, not only was not called on to file a motion for a new trial, but that there was absolutely no foundation for any such motion. It is further insisted that vitality was first given to the verdict by the order and judgment of this court, and that not until its mandate was presented to the district court did the verdict of the jury have any force as a verdict; that the defendant was then for the first time called upon to challenge its correctness, or the proceedings of the court at the trial. These views

K. C. Ft. S. & M. Rld. Co. v. Berry.

impress us as sound.   The defendant was under no obligation to recognize a verdict as valid which the court refused to receive or act upon.  This court held that the district court erred in refusing to receive the special findings and the general verdict in favor of the defendant, and in refusing to treat them as verdicts, and directed that they should be so received and treated.

1. Verdict, refusal to receive—received under supreme court mandate.

We think the defendant then had a right to file a motion for a new trial within the statutory time after the mandate of this court was presented ; that it was then the duty of the court to pass on the motion for a new trial, and that on such motion being overruled the defendant had a right to make a case and present to this court any errors occurring at the trial. If this were not so, the defendant would be utterly without remedy, no matter how many or serious the errors of law occurring at the trial might have been. On examining the record, however, we find nothing to avail the defendant in attacking the verdict. A motion for a new trial was duly presented, overruled by the court, and an exception to such ruling taken by the defendant.   The defendant asked time to file in that court a transcript of the testimony introduced at the trial, and of the charge to the jury, and for leave to present errors of law which occurred at the trial.   These requests were refused, and properly so, Of course, on the motion for a new trial the defendant had the right to present to the court for review errors of law which occurred at the trial; but there is nothing in the record showing that the defendant was

3. Interest— erroneous allowance.

prevented from calling the attention of the court to any and every matter proper to be considered on the motion for a new trial. The defendant had no right to take time to obtain a

transcript of the testimony and charge of the court to be filed in the district court. All errors of law or in the proceedings at the trial could be presented without it. Time was in fact given the defendant to make a case, but neither the pleadings, original journal entry, evidence, nor charge of the court, are contained in the case. There is absolutely nothing in the case before us showing anything about what was done at the trial. We, therefore, are not called on to consider any question with reference to the correctness of the verdict which was not finally disposed of on the former hearing of this case.

Another question is, however, fairly presented by the record. The court not only entered judgment for $5,000, the amount of the verdict, but added thereto interest from the date of its return by the jury. The question as to whether interest may be allowed on verdicts, prior to judgment, has been fully discussed, and authorities are cited on both sides. In support of the ruling of the court are cited the cases of *Gibson v. Enquirer*, 2 Flippin, 88 ; *Griffith v. Railroad Co.*, 44 Fed. Rep. 574 ; and against it *Kelsey v. Murphy*, 30 Pa. St. 340 ; 11 Am. & Eng. Encyc. of Law, 379, 380, and 391 ; *Bowman v. Wilson*, 2 McCr. 394 ; *In re Clyde*, 12 Blatchf. 403 ; *Hamer v. Kirkwood*, 25 Miss. 95 ; *Reece v. Knott*, 3 Utah, 451 ; *Redfield v. Iron Co.*, 110 U. S. 174 ; *Railroad Co. v. Gabbert*, 34 Kas. 132 ; *Simmons v. Garrett*, McCahon, 82 ; *Association v. Hitchcock*, 4 Kas. 36 ; *Wilson v. Means*, 25 id. 83. In some states interest on verdicts is expressly allowed by statute, but not in ·this state. We think the general rule to be gleaned from the authorities is that where delay in entering judgment on the verdict is occasioned by the act of the party against whom it is rendered, interest is allowed. (*Irvin v. Hazelton*, 37 Pa. St. 465 ; *Shephard*

13—55 KAS.

*v. Brenton*, 20 Iowa, 41; *Bull v. Ketchum*, 2 Denio.
188.)   It cannot be said that the delay in entering
judgment resulted from any action of the defendant.
It is true that the defendant has at all times contested
the plaintiff's right of recovery, has at all times denied
liability, but the contention of the defendant was sus-
tained by the district court, which held that there
was no liability.   The view we take of this case, how-
ever, renders it unnecessary to decide the question
whether a verdict bears interest from the time of its
rendition or not.   The verdict was never recognized,
nor received as a verdict by the district court un-
til it was done in obedience to the mandate of
this court.   It then for the first time was given
force and vitality.   At the termination of the trial,
although the jury made such findings that this court
afterward held that the company was liable for the
amount found by the jury, yet the district court
recognized and received the verdict in favor of the de-
fendant, which it ordered, and rendered judgment
thereon in favor of the defendant for costs.   Though
the jury found that the defendant was liable, the trial
court held that under the law there was no liability.
The plaintiff then had failed to establish her right to the
payment of any sum from the defendant.   There was
neither a judgment nor a verdict recognized as valid
by the district court.   No demand was established
which the defendant was called on to discharge until
judgment was entered on the findings of the jury in
accordance with the mandate of this court.   The
claim in this case, as in that of *Railroad Co. v. Gub-
bert*, supra, was for damages resulting from a tort,
not recoverable at all at common law, but solely by
reason of a statute of the state.   The damages were
wholly unliquidated prior to the judgment, and no

Iron Works Co. v. Sugar Co.

2. New trial,
motion for,
overruled —
review.

interest accrued or could accrue, before a verdict was rendered. We think no liability was ever established against the defendant until the 16th day of May, 1894, when judgment was in fact rendered.

The district court is directed to modify the judgment by striking out the allowance of interest so that it will stand as a judgment rendered on the 16th day of May, 1894, for $5,000, from which date it will bear interest at 6 per cent. The costs in this court will be equally divided.

All the Justices concurring.