The negligence of the Luckenbach in getting so far out of her course is alone sufficient to condemn her. Had she navigated with prudence, slowing down to bare steerage way and paying proper attention to fog signals on land and water, she would not have gotten so far from her proper course. Being on the west side of the channel in the track taken by outgoing vessels, the danger of collision was greatly enhanced.

---

THE S. V. LUCKENBACH.

THE OTTA.

(Circuit Court of Appeals, Second Circuit. May 28, 1912.)

Nos. 212, 213.

Appeals from the District Court of the United States for the Southern District of New York.

See, also, 197 Fed. 888.

Haight, Sanford & Smith (Charles S. Haight and Clarence Bishop Smith, of counsel), for appellant.

Wallace, Butler & Brown, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. An appeal in admiralty being considered in this circuit a new trial, parties not appealing may ask for affirmative relief. If a party does ask for it in this court, he will be treated in respect to costs and interest as if he had actually appealed. In this case there was a decree in the District Court for divided damages, which had been affirmed, except in two trifling particulars. The owner of the steamer Otta appealed and paid for printing the record. Upon the argument, the owner of the steamer Luckenbach, which did not appeal, contended that the decree should be reversed as to it, and

the steamer Otta held solely at fault. Therefore the owner of the Luckenbach must pay one-half the expense of taking the appeal paid by the owner of the Otta. No costs of this court to either party (The Jason, 178 Fed. 414, 101 C. C. A. 628), and no interest to the owner of the Otta, in whose favor the balance of damages was, after appeal taken (The Rebecca Clyde, 12 Blatchf. 403, Fed. Cas. No. 11,622; The C. P. Raymond (C. C.) 36 Fed. 336; The Express, 59 Fed. 476. 8 C. C. A. 182).