THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. GEORGE W. AYERS.

No. 7774.

1. RAILROAD COMPANY—*Action for Fire—Pleading.* In an action against a railroad company to recover damages by a fire communicated while the defendant was operating its railroad, where the only fault charged is that "the defendant so carelessly and negligently managed and controlled its locomotive and train that fire escaped therefrom," and the plaintiff proved the setting out of the fire by the defendant's locomotive, it did not then devolve upon the defendant to prove that the locomotive was sufficient and in good condition and repair, but only that it was carefully and properly managed and controlled.

2. SPECIAL QUESTIONS—*Improper Remark by Court.* If particular questions of fact are plain and direct in form, are within the issues, are not repetitious, and there is evidence upon which they may be intelligently answered, the party making the request is entitled to have them submitted, although answers the most favorable to the requesting party may not be sufficient to overthrow a verdict in favor of the opposite party; and it is improper for the court to remark in the hearing of the jury, and especially against the objection of counsel, what, if any, effect the answers would have upon the rights of the parties.

3. CONTRIBUTORY NEGLIGENCE — *Instructions.* An instruction grouping together several facts tending to show contributory negligence of the plaintiff, but not including all the elements proper

to be taken into account upon that issue, and directing the jury that these facts constitute such negligence, ought not to be given in that form, but only with the qualification that the determination of the question of negligence by the jury depended upon whether they believed from the evidence that an ordinarily prudent man would have done so under the same or like circumstances.

4. INTEREST, *When not Recoverable.* Interest is not recoverable as such upon a claim against a railroad company for damages by fire set out in the operation of the road.

*Error from Marion District Court.*

ACTION by George W. Ayers against The Atchison, Topeka & Santa Fe Railroad Company. Plaintiff had judgment, and defendant comes to this court. The opinion, filed December 7, 1895, states the nature of the action and the material facts.

*A. A. Hurd,* and *Bowman & Bucher,* for plaintiff in error.

*Keller & Dean,* for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J.: I. The original action was brought by the defendant in error against the plaintiff in error to recover damages for the alleged negligent burning of a grain elevator, a hay-press, some baled and a quantity of loose hay, and other property. The trial resulted in a verdict and judgment for the plaintiff, September 30, 1890, for $2,624.44 damages, $150 attorney's fee, and costs taxed at $272.75. The allegation of negligence was as follows :

"While said defendant was engaged in operating the defendant's railroad, and while running its locomotive and train along said railroad and past the premises of plaintiff, as aforesaid, the defendant so carelessly and negligently managed and controlled its locomotiveand train that fire escaped therefrom, and

12—56 KAS.

on the 29th day of March, 1890, burned the following-described property belonging to the plaintiff."

The instructions given to the jury assumed that on proof of the setting out of the fire by the defendant's locomotive it devolved upon the railroad company to show, not only that the locomotive was properly and carefully managed and controlled, but that it was sufficient and in good condition and repair. This would doubtless be so under the act of 1885, (¶ 1321, Gen. Stat. 1889,) if the allegation had been general, to the effect that the fire was negligently caused by the defendant in operating its railroad ; but the averment restricts and limits the charge to the negligent management and control of the locomotive and train, and, in the absence of any amendment, the court was not warranted in saying that in order successfully to defend itself the company must prove that the locomotive was sufficient and in good condition and repair. The cause of action in *St. L. & S. F. Rly. Co. v. Fudge*, 39 Kan. 543, originated prior to the enactment of the statute of 1885, but the general principle of pleading therein as to limiting the charge of negligence is applicable even under the statute, where the allegation of negligence is specific and not general. The defendant had a right to assume that any complaint of the insufficiency or want of repair of the locomotive was waived, the plaintiff relying upon the specific charge that the fire was caused by its negligent management and control. As further bearing on the limitation of the issue by the pleadings, see *Clark v. Mo. Pac. Rly. Co.*, 48 Kan. 654, 662.

II. The defendant pleaded and largely relied upon the contributory negligence of the plaintiff as a defense, such negligence arising from permitting dry hay to accumulate around the building in large

quantities, extending therefrom to the tracks of the company, so as readily to catch fire from sparks emitted from the locomotive when properly managed. A great deal of the evidence related to the condition of the building and the premises around it, the same being used for the baling of hay and the storing of the same, both baled and loose. The defendant submitted 10 particular questions of fact in relation to the condition of different parts of the premises, three questions pertaining to the age of different parts of the building, and one as to the same never having been painted. The first 10 questions were objectionable in form, No. 1 being as follows: "Is it not a fact that the fire caught in the dry grass and rubbish that had accumulated near the northeast corner of the building?" instead of directly asking the jury "Did the fire catch in the dry grass," etc. Questions in a negative or a leading form should never be submitted, and these were both leading and negative, and any direct answer to them by yes or no was liable to be misunderstood. The court refused to submit the 14 questions referred to, and was proceeding to state the reasons therefor, when defendant's counsel objected to any argument in the presence of the jury, but this was overruled, the defendant excepting, and the court, referring to the first 10 questions, said, among other things: "Suppose these questions should be answered as the defense asks that they should be answered — that this combustible material was scattered around there — it does not show that the plaintiff was guilty of negligence. . . . It gives no light to the court or any reviewing court." We regard the remark as improper in the presence of the jury. It was a statement as a proposition of law that the scattering of combustible material upon and over the

plaintiff's premises was not negligence. That was one of the principal questions to be submitted to the jury, and they would be very liable to interpret this remark of the judge as a declaration that all the evidence as to the existence of combustible matter around and about the premises was immaterial. The first 10 questions seem quite pertinent to the issue, although the answers to them in the manner most favorable to the defendant may not have been sufficient alone to overthrow a verdict in favor of the plaintiff. We do not understand this, however, to be the test of the competency of particular questions of fact requested. If the questions are plain and direct in form, are within the issues, are not repetitious, and there is evidence upon which they may be intelligently answered, they ought to be submitted, so that the detailed facts may appear of record ; thus enabling the trial court, upon further proceedings, or a reviewing court afterward, to form an intelligent judgment upon the particular issues sought to be elucidated by the questions and answers. It would have been proper to submit the other four questions, for they were remotely within the issues, but they were not especially material, and the refusal of the court to submit them would not be reversible error. It is generally error to refuse to submit questions of fact drawn in proper form, material to the case, and based upon the evidence. Section 286 of the civil code has been uniformly held to grant a right to the parties to have proper questions of fact submitted to the jury. (*Bent v. Philbrick*, 16 Kan. 190 ; *C. B. U. P. Rld. Co. v. Hotham*, 22 id. 41 ; *A. T. & S. F. Rld. Co. v. Plunkett*, 25 id. 188, 198 ;. *City of Wyandotte v. Gibson*, 25 id. 236, 243 ; *W. & W. Rld. Co. v. Fechheimer*, 36 id. 45, 51 ; *Kansas City v. Bradbury*, 45 id. 381, 388.) Of course, it is the duty of the

court to revise the questions, to strike out or amend those drawn by the attorneys in improper form or equivocal in their meaning, and those outside of or immaterial to the issues, as also such as are not based upon any evidence in the case. (*Mo. Pac. Rly. Co. v. Holley,* 30 Kan. 465, 472, 473.)

III. The railroad company assigns as error the failure of the court to give the following to the jury:

"You are instructed that where a man stores hay in buildings located in close proximity to a railroad track, and stacks hay on the outside of such building and against such building, and allows and permits loose hay to blow and scatter in and around such premises in such manner as to make it reasonable and probable that such scattered hay will be fired by sparks emitted from engines passing up and down such railroad track, the plaintiff is guilty of such carelessness and negligence as will bar him from any recovery for loss of property from such fire."

And the company also complains of the giving of the following instruction on the same general subject:

"But if you further believe that plaintiff allowed hay or other rubbish to accumulate on or about his property, or left any cracks or openings in his building through which fire from a passing locomotive could readily communicate to the hay or other inflammable matter inside such building, and that the fire was first communicated to the scattered hay or other inflammable rubbish so left exposed, or to the hay or other inflammable matter exposed through the cracks or openings of the buildings, and you further believe that the doing or permitting these things on the part of plaintiff were what an ordinarily prudent man would not have done under the same or like circumstances, then plaintiff cannot recover because of his negligence."

Counsel say:

"In this instruction the court fairly submitted the

facts concerning the condition of the premises and how the fire was communicated to the building, . . . a state of facts which  .  .  .  can amount to nothing less than contributory negligence, and which must be pronounced such by the common judgment of all reasonable men.   The court then leaves it to the jury to say whether it is negligence or not, and directs them that their determination of the question depends upon whether they believe that the doing or permitting these things is what an ordinarily prudent man would not do in a like case.''

It is our opinion, however, that the instruction requested was properly refused, for it did not embrace all the elements necessary to constitute negligence as a matter of law.   It did not include the conditions of the wind, the weather, the earth, the frequency of the passing of the locomotive, the length of time that the premises had been littered, whether temporarily or habitually, nor other circumstances which might properly be taken into account in the solution of the question of the plaintiff's contributory negligence. Neither did the instruction given by the court aim at an enumeration of all the circumstances which would justify a finding of negligence, but after reciting what the evidence tended to prove, it was properly left to the jury to say whether an ordinarily prudent man would have done so under the same or like circumstances ; this being the test of negligence.   There was no error in the refusal of the instruction, nor in the instruction given by the court.

IV.   The court instructed the jury to allow interest on the amount of the loss at 6 per cent. per annum from the date of the fire to the time of trial.   A recovery of damages for simple negligence of a party to whom no benefit could accrue by reason of the injury inflicted does not include interest as such.   Neither

the act of 1885, nor chapter 51, General Statutes of 1889, relating to interest, in terms authorizes it; and, in the absence of a statute, we think interest is not allowable any more for damages by fire than for the killing of cattle. (*A. T. & S. F. Rld. Co. v. Gabbert*, 34 Kan. 132, 136, 137; *Kenney v. Railroad Co.*, 63 Mo. 99, 102; *Atkinson v. Railroad Co.*, 63 id. 367; *Sargent v. Hampden*, 38 Me. 581, 585, 586.)

The judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.