## J. K. McLain v. Dan. Birchfield.
### No. 249.

1. ACTION ON PROMISSORY NOTE—*Record Examined.* The errors complained of examined, and *held*, not sufficient to require a reversal of the case.

2. SPECIAL QUESTIONS—*Refusal to Submit—Not Error, When.* Where a trial court is justified, under the evidence, in directing a verdict for the plaintiff, it is not error to refuse to direct the jury to find upon particular questions of fact requested by the defendant.

Error from Barton district court; ANSEL R. CLARK, judge.   Opinion filed May 19, 1898.   Affirmed.

*G. W. Nimocks*, for plaintiff in error.

*Diffenbacher & Banta*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: The defendant in error, a resident of this state, commenced this action in the district court of Barton county to recover upon a certain promissory note for $250 due in thirty days and signed by B. T. Darnell and J. K. McLain. At the time the petition was filed an attachment was issued against McLain, who was a resident of the state of Missouri, and a portion of his land in Barton county levied upon.   Darnell made default.   McLain appeared and filed his separate answer, alleging, in substance (quoting from his brief) : "That the court had no jurisdiction ; that the note was transferred by L. P. Birchfield without consideration, and for the wrongful and unlawful purpose of having suit brought on said note, to harass and annoy the defendant, and was an abuse of the process of the court, and that the plaintiff was not the real party in interest."

The second defense was a general denial, but denying the jurisdiction of the court.  The third defense was that the transfer of the note was made without consideration, and that the time on said note was for a valuable consideration extended, thereby releasing the plaintiff in error as surety.  The answer was verified.

To the second defense the court sustained a demurrer.  At the trial, after the introduction of the evidence, the court instructed the jury to return a verdict for the plaintiff.  J. K. McLain, defendant below, brings the case here and presents nine separate assignments of error.  They have been considered, the pleadings and evidence carefully examined, and no error sufficient to require a reversal of the case disclosed.

Counsel insist that the trial court erred in refusing to direct the jury to find upon particular questions of fact, as requested by plaintiff in error.  Section 296, chapter 95, General Statutes of 1897, provides :

" In all cases the jury shall render a general verdict, and the court shall in any case, at the request of the parties thereto or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same."

Our supreme court has held repeatedly that it is error for the trial court to refuse to submit to the jury important questions of fact that are based on competent testimony and which are within the issues. In the case of *A. T. & S. F. Rld. Co. v. Ayers*, 56 Kan. 176, they say :

" If particular questions of fact are plain and direct in form, are within the issues, are not repetitions, and there is evidence upon which they may be intelligently answered, the party making the request is en-

48—7 KAN. APP.

titled to have them submitted, although answers the most favorable to the requesting party may not be sufficient to overthrow a verdict in favor of the opposite party."

In this case the trial court directed the jury to return a verdict for the plaintiff. Was it error to refuse to submit special questions? We answer, No. The evidence did not tend to establish the defense pleaded; the court could say, "admitting every fact proved which is favorable to the defendants, and admitting every fact that the jury might fairly and legally infer from the evidence favorable to the defendants, still they have utterly failed to make out some one or more of the material facts of their defense."

The court being justified under the evidence in directing a verdict for the plaintiff, it was not error to refuse to submit the special questions submitted by the defendant.

The judgment of the district court is affirmed.