66  265
71  295
e71  883

WILLIAM SCULLY v. ROBERT SMITH.

No. 12,921.   (71 Pac. 519.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Cross-petition in Error.*  Whenever the record in a proceeding in error in this court fully presents matters affecting the judgment to be reviewed which the defendant in error claims entitle him to affirmative relief, he will be required to assert his rights by means of a cross-petition in error in the pending proceeding, and a subsequent independent proceeding in error for that purpose will be dismissed.

Error from Marion district court; O. L. MOORE, judge.   Opinion filed February 7, 1903.   Dismissed.

*Keller & Dean*, for plaintiff in error.

*R. L. King*, and *T. O. Kelley*, for defendant in error.

The opinion of the court was delivered by

BURCH, J.: On the 13th day of April, 1901, the district court of Marion county, in an action wherein William Scully was plaintiff and Robert Smith was defendant, rendered a judgment in favor of the plaintiff and against the defendant for the sum of $1317.37 and interest.   The defendant, desiring a review of the proceedings, prepared and served on the plaintiff a case-made, which was settled and signed by the district judge on October 14, 1901.   A petition in error, with the case-made attached, was filed in this court

October 29, 1901, together with a waiver of the issuance and service of a summons in error. Both parties filed briefs in this court, and their attorneys appeared and argued the cause orally at the December, 1902, session. The judgment of the district court was affirmed. (*Smith v. Scully*, ante, p. 139, 71 Pac. 249.)

The plaintiff, for the purpose of prosecuting error inhering in the same judgment, prepared a transcript of the record in the district court, which was not certified until November 18, 1901. Such transcript, with a petition in error attached, was filed here on November 27, 1901, and plaintiff below now asks a reversal of the judgment which he so lately insisted should be affirmed. This is not a proper practice.

The case-made prepared by the defendant below embodied the entire record in the district court, and, hence, presented every matter plaintiff below afterward deemed essential to his proceeding in error. The plaintiff below had the right to attach to the case-made in the case of *Smith v. Scully* in this court a cross-petition in error for the purpose of securing all the relief to which he deemed himself entitled. (*Stettauer v. Carney & Stevens*, 20 Kan. 474; *Robinson v. Campbell*, 60 id. 60, 55 Pac. 276.) No good reason appears why he should be allowed to duplicate the record, multiply the costs, divide the questions to be considered, and double the number of hearings in this court, to review a single judgment. In the first case he desired a mandate from this court to carry the judgment of the district court into effect. Now he desires that the affirmed judgment be reversed, and that a contrary mandate be sent down. He had an opportunity to present all his claims. He has been heard, and the case has been decided. The practice attempted is wholly inconsistent with the spirit of the

procedure in this state, which seeks to avoid multiplicity of suits, to render the. conduct of litigations as simple, as speedy and as inexpensive as possible, and to make one full and complete adjudication of the whole controversy between parties.

Whenever the record in a proceeding in error in this court fully presents matters affecting the judgment to be reviewed which the defendant in error claims entitle him to affirmative relief, he will be required to assert his rights by means of a cross-petition in error in the pending proceeding.

The proceeding in error is therefore dismissed.

All the Justices concurring.