W. P. YANCY v. BRADLEY, WHEELER & CO. *et al.*

No. 13,392. (74 Pac. 1134.)

Error from Douglas district court; C. A. SMART, judge. Opinion filed December 12, 1903. Affirmed.

*Brownell & Poehler*, for plaintiff in error.

*D. S. Alford*, and *James C. Williams*, for defendants in error.

*Per Curiam:* Bradley, Wheeler & Co. commenced an action against W. P. Yancy for the recovery of specific personal property. On a trial before the court, without a jury, special findings of fact and conclusions of law were made. Judgment was entered, pursuant to the conclusions of law, and the defendant prosecutes this proceeding in error.

The chief complaint is that the findings of fact and the judgment are not sustained by the evidence. The opinion of this court is to the contrary. Any fair interpretation of the evidence shows that the court could not have found otherwise than it did. The parties to the Deering company contract conducted themselves under it and settled their differences under it upon the theory adopted by the trial court. The trust-fund theory contended for by plaintiff in error had no application, because none of the Deering funds were or could be traced into the plaintiff's goods; and in any event, under all the evidence in the case, the Deering company could not have been an innocent purchaser of the plaintiffs' goods, under their mortgage.

It is assigned as error that the court wrongfully admitted evidence "included between pages 106 and 297 of the record, at least, all parts of such depositions wherein witnesses testify in regard to statements made to them by H. L. Stevens or through R. G. Dun & Co. to them." This court has other duties to perform than to institute independent searches for error.

It is also claimed that the judgment should be reversed because a deposition was not properly authenticated and certified, and reference is made to page 175 of the record. No certificate whatever is found upon that page, nor upon many pages preceding and following it; hence no opinion can be given on the question raised.

The judgment of the district court is affirmed.