THE CLYDE MILLING AND ELEVATOR COMPANY V. JAMES BUOY.

No. 14,094.   (80 Pac. 591.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*New Trial.* A motion for a new trial based upon several grounds was sustained by the court upon one of them and "no other." This was equivalent to an explicit denial of the motion on all other grounds.

2. PRACTICE, SUPREME COURT—*Limitation of Action.* An order denying a motion for a new trial in whole or in part is a final order, and if it is desired to have the same reversed in the supreme court proceedings must be commenced within one year thereafter.

3. DAMAGES—*Interest.* It is error to allow interest on a verdict for unliquidated damages for the time between its finding and the rendition of the judgment thereon.

Error from Cloud district court; HUGH ALEXANDER, judge. Opinion filed April 8, 1905. Modified and affirmed.

*Park B. Pulsifer,* and *Dwight M. Smith,* for plaintiff in error.

*W. W. Caldwell,* and *A. L. Wilmoth,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: A question of practice first demands our attention. This case was tried upon the issues of fact joined on the 18th of September, 1902. At the close of the plaintiff's evidence defendant interposed a demurrer thereto, which the court overruled. The case was then proceeded with, and the jury returned its general verdict and special findings in favor of plaintiff. In due time the defendant's motion for judgment on the special findings was filed and denied, after which, his motion for a new trial coming on to be heard, the following proceedings, as shown by the journal entry, were had, on September 23, 1902:

"The court, having considered said motion and heard the argument of counsel, doth allow the same on the ground following, and for no other ground: That the court committed error in refusing to sustain the demurrer filed and presented by the defendant to the evidence introduced by the plaintiff; the court holding that under the evidence presented the plaintiff was not entitled to recover, and that the case should not have been submitted to the jury."

A new trial was thereupon ordered. From that order the plaintiff prosecuted proceedings in error to this court, where it was held that there was evidence sufficient to go to the jury on behalf of the plaintiff, and the order of the district court was reversed, with "directions to enter judgment upon the findings and verdict." (*Buoy v. Milling Co.,* 68 Kan. 436, 75 Pac. 466.) The case was taken up the second time by the district court on April 5, 1904, upon the motion of the plaintiff for judgment in his favor, as directed by the mandate of this court, and without further trial or proceedings of any kind judgment was so rendered for the amount of the verdict, with interest thereon at six per cent. per annum from the date of the verdict; that is, the judgment included not only the

amount named in the verdict, but interest thereon up to the date of the judgment. To reverse this judgment the milling company prosecutes this proceeding, counting upon no other errors, with one exception, than such as were committed by the court during the trial of the case upon its merits in September, 1902; so that the question of practice is whether it may now be heard as to these matters.

It insists that prior to the rendition of the judgment against it on April 5, 1904, it, not having been previously harmed, had nothing of which to complain, and, hence, could not have maintained a proceeding in this court to reverse a judgment which had not been rendered; that the court having granted it a new trial it was satisfied therewith, and had a right to rest thereon until the result of such new trial should be known.

We cannot agree to these contentions. The action of the court in sustaining the motion for a new trial in September, 1902, for no other ground than that the court committed error in refusing to sustain the demurrer to the evidence, was in effect the denial of the motion upon all other grounds. That is the necessary implication. The determination of a motion need not necessarily be in explicit words; it may be implied. So the effect of this action by the court was to deny the motion in part and sustain it in part. (14 Encyc. Pl. & Pr. 171.) Now, the moment that the court denied or allowed the motion for a new trial in whole or in part, either party against whom such ruling was made might have come to this court for the purpose of having the same reviewed. One of them having done so with a complete case-made, the other might have had all of the adverse rulings of which he complains reviewed by attaching thereto his cross-petition in error and presenting them here. (*Scully v. Smith,* 66 Kan. 265, 71 Pac. 519.) We note the fact that in the former case the defendant in error,

the present plaintiff in error, did attach a cross-petition presenting to some extent (it might have done so to the full extent) the errors now complained of, and in its brief supported the same to some extent (it might have done so to the full extent) by argument.

We cannot hear the plaintiff in error upon the questions arising upon his exceptions made during the progress of the trial on the merits, or upon the action of the court on the motion for a new trial, because: (1) It might have filed, and did file, a cross-petition in error, and hence was heard, or had an opportunity to be heard, when the case was considered before, and the questions are now *res judicata;* (2) even if this were not so, the plaintiff could not be heard because more than one year had elapsed after the denial of its motion for a new trial before it filed its petition in error. The correctness of the denial of this motion by the court below is the question it now seeks to present here. "The order overruling the motion for a new trial, we think, was a final order within the meaning of said section 556 and section 542 of the civil code." (*Osborne, Ex'r, v. Young,* 28 Kan. 774.) Such ruling was a judgment against plaintiff in error; not a money judgment to be sure, but a ruling against its claims of error. It was such a determination as to be harmful to it and from which it could then have prosecuted error, and, hence, the proceeding to reverse must have been begun within one year after the entry of the order of which complaint is made.

The further complaint, that the court erred in allowing interest upon the amount awarded by the verdict from its date to the entry of judgment thereon, we think is well taken. The statute has undertaken to regulate matters of interest—when it shall be allowed, and its amount. (Gen. Stat. 1901, § 3590.) We there find no authority to allow interest in cases of this kind, and the general rule is that interest upon

awards for damages is not allowable. (*K. C. Ft. S. & M. Rld. Co. v. Berry,* 55 Kan. 186, 40 Pac. 288; *A. T. & S. F. Rld. Co. v. Ayers,* 56 id. 176, 42 Pac. 722; *Railroad Co. v. Holmes,* 68 id. 810, 74 Pac. 606; *Telephone Co. v. Vandervort, ante,* p. 101, 79 Pac. 1068.) The amount erroneously included in the verdict was $98.37; this amount will be deducted, and the judgment, so modified, will be affirmed. The costs of this court will be divided.

All the Justices concurring.