Latham v. Harrod.

THE LATHAM MERCANTILE AND COMMERCIAL COMPANY, *Appellee*, V. T. H. HARROD *et al., Appellants.*

No. 16,622.

SYLLABUS BY THE COURT.

INTEREST—*Unliquidated Damages.* In an action for unliquidated damages the jury may not allow interest upon the amount of damages awarded.

Appeal from Cowley district court. Opinion filed November 5, 1910. Modified.

*W. P. Hackney,* and *J. T. Lafferty,* for the appellants.
*A. M. Jackson,* and *A. L. Noble,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This is an action for damages. It comes here by appeal from the district court of Cowley county. It has been here before. (*Latham v. Harrod,* 71 Kan. 565, *Harrod v. Latham,* 77 Kan. 466.) The Latham Mercantile and Commercial Company, located at Latham, Butler county, desired insurance upon its stock of merchandise in the sum of $2000. It applied to the appellants, who were insurance agents located at Winfield, in Cowley county, and employed them to procure such insurance in a "number one" company, which they undertook to do. Afterward they obtained a policy for the desired amount from the Mercantile Fire Insurance Company of Chicago and delivered it to the appellee, which paid the premium therefor believing the company to be safe and sound. Within a month thereafter the insured property was destroyed by fire, and the policy was not paid. Afterward the insured obtained a judgment against the company, but it proved to be insolvent and no part of the judgment was collected. The insured relied upon its agents to secure a policy in a good company, and did not know the condition of the company from which its policy had been obtained. Being unable to collect from the insurance company, the

insured commenced this action against the agents to recover damages for their failure and negligence in the procurement of the policy.

Upon the trial in the district court the damages awarded by the jury were the value of the goods destroyed, less the amount of concurrent insurance thereon. The damages so awarded amounted to $1200, with interest thereon in the sum of $504. These amounts were found by the jury separately. The appellants requested the court to enter judgment for the value of the property alone, and not include interest, as the claim was for unliquidated damages, which under the law of this state could not bear interest. The court, however, denied this request and directed the jury to allow interest in addition to the value of the property destroyed. To this refusal of the court the appellants excepted, and assign it as error.

The court's decision is not without authority. In fact it is claimed that the majority of the cases sustain its ruling. (22 Cyc. 1500; 16 A. & E. Encycl. of L. 1027; see, also, note in 1 A. & E. Ann. Cas. 763.) This court, however, more than twenty-five years ago, in the case of *A. T. & S. F. Rld. Co. v. Gabbert,* 34 Kan. 132, held that interest was not recoverable in a case for damages where not provided by statute. This decision has been followed ever since. (*A. T. & S. F. Rld. Co. v. Ayers,* 56 Kan. 176; *U. P. Rld. Co. v. Holmes,* 68 Kan. 810; *Telephone Co. v. Vandervort,* 71 Kan. 101. See, also, *Lester v. Mining Co.,* 27 Utah, 470, in 1 A. & E. Ann. Cas. 761, where in a note the cases generally are collated upon this subject.) Since this rule has been the settled law of this state for so many years, we deem it best to follow it until the legislature otherwise directs by statute.

The judgment of the district court is modified, and the court is directed to enter a judgment in favor of the appellee for the value of the property, $1200, and costs, omitting the amount of interest, $504.

The costs in this court are divided.