Roe v. Snattinger.

No. 18,645.

LILLIE M. ROE, *Appellee,* v. MOSES SNATTINGER et al., *Appellants.*

SYLLABUS BY THE COURT.

JURISDICTION—*Judgment Not Exceeding $100—No Appeal Allowed.* Where a defendant, who is asking no affirmative relief in an action, appeals to the supreme court from a judgment rendered against him in a district court, the amount of the judgment rendered, exclusive of costs, determines his right of appeal, and if such judgment does not exceed $100 no appeal is allowed by the statute.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 7, 1914. Dismissed.

*W. R. Hazen,* and *Erwin Snattinger,* both of Topeka, for the appellants.

*George A. Huron,* and *J. J. Schenck,* both of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee recovered judgment against the appellants for $100 and costs. The appellants brought an appeal to this court, and appellee presents this motion to dismiss the appeal. The question turns upon the amount in controversy. The statute was interpreted in *Blank v. Powell,* 68 Kan. 556, 75 Pac. 486,

and in *Richmond v. Brimmie*, 52 Kan. 247, 34 Pac. 783. In the latter case it was said:

"Where the damages claimed in a civil action by the plaintiff exceed $100, but the judgment is for the plaintiff for $100 only, exclusive of costs, and the defendant prosecutes a proceeding in error, the supreme court has not jurisdiction, for the amount or value in controversy, as to such defendant, is fixed by the judgment." (Syl. ¶ 2.)

The same construction of the statute was made in *Samp v. Braden*, 73 Kan. 279, 85 Pac. 289.

The judgment rendered was for only $100, and was silent as to interest, but by operation of law (Gen. Stat. 1909, § 4347) it drew interest at six per cent per annum from the time it was *rendered*—not from the return of the verdict.

Section 4347 provides:

"All judgments of courts of record and justices of the peace shall bear interest from the day on which they are *rendered,* at the rate of six per cent per annum, except as herein otherwise provided."

Section 4344 provides the classes of claims which entitle the creditor to interest, and the rate and time for which it should be computed. In *Milling Co. v. Buoy,* 71 Kan. 293, 80 Pac. 591, it was said:

"It is error to allow interest on a verdict for unliquidated damages for the time between its finding and the rendition of the judgment thereon." (Syl. ¶ 3.)

Appellee's claim was for unliquidated damages, and no interest accrued thereon prior to the rendition of the judgment.

The motion to dismiss the appeal is sustained.