## STATE OF KANSAS.

## JANUARY TERM, 1915.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. SILAS W. PORTER,
Hon. JUDSON S. WEST, } Justices.
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,

---

No. 19,571.

THE STEVENS-SCOTT GRAIN COMPANY, *Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

#### SYLLABUS BY THE COURT.

1. COMMON CARRIER—*Destruction of Wheat in Transit—Damages—Interest Not Recoverable.* In an action against a carrier for damages on account of the injury to or destruction of property in transit, interest is not recoverable.

2. SAME—*Damaged Wheat—Acceptance Refused—Sale for Freight—Interest on Proceeds.* A carrier which sells property because of the refusal of the consignee to receive it, is chargeable with interest on the proceeds in excess of the freight, during the time they are withheld from the shipper.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed June 12, 1915. Modified.

*O. A. Keach,* of Wichita, for the appellant.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellee.

1—96 KAN.

The opinion of the court was delivered by

MASON, J.: The Stevens-Scott Grain Company shipped a car of wheat by the Santa Fe railroad from Wichita to San Antonio. It was so badly injured in transit that the consignee refused to receive it, and it was sold by the carrier, bringing $293. The grain company brought an action against the railway company to recover compensation for its loss, and obtained a judgment for $789.17, which was found to be the market value of the wheat at San Antonio, in its original condition. The plaintiff appeals on the ground that it ought also to have been allowed interest on this amount from July 1, 1908, the time of the arrival of the wheat.

It has been repeatedly decided by this court that interest can not be allowed upon unliquidated damages for a tort which does not benefit the estate of the wrongdoer. (*A. T. & S. F. Rld. Co. v. Ayers*, 56 Kan. 176, 42 Pac. 722; *Milling Co. v. Buoy*, 71 Kan. 293, 80 Pac. 591.) The doctrine is general that in the case of damages for such wrongs as injuries to the person or reputation, inasmuch as the compensation to be awarded is necessarily a matter of general estimate, the amount not being subject to any exact ascertainment, interest is not allowed. (22 Cyc. 1500.) A distinction is sometimes made between allowances of interest and allowances of compensation for delay, measured by the legal rate of interest. It is said that in arriving at the amount to be allowed the jury may take into account any delay that has occurred, although they may not allow interest by that name. (Note, 1 Ann. Cas. 764; 22 Cyc. 1502.) That rule may have a proper field of operation where the allowance can only be based on a more or less indefinite estimate, but otherwise the distinction is a mere verbal one. Interest as such is a creation of the statute. (22 Cyc. 1475.) And to determine whether it is to be allowed in a particular case is a mere matter of statutory interpretation. The real question which is the subject of controversy is whether, in a given instance which does not fall within the statute, an aggrieved person is to be allowed compensation for delay, in the nature of interest. For convenience of statement such an allowance is ordinarily described as "interest," as though it were strictly of that character, and the term will be so used in this discussion.

The rule in most jurisdictions undoubtedly is that interest should be allowed upon damages for the wrongful destruction of or injury to property, where the extent of the loss is capable of reasonably exact ascertainment. (22 Cyc. 1500-1503; 6 Cyc. 528; Note, 28 L. R. A., n. s., 1.) That fact was recently strongly urged upon this court as a reason for departing from the earlier practice, but it was held that the desirability of conforming to the view taken by other courts must yield to the importance of adhering to what had here become the settled law. (*Latham v. Harrod,* 83 Kan. 323, 111 Pac. 432.) However persuasive the argument in favor of allowing interest upon such demands might be if the question were a new one, we do not feel justified in overruling the repeated decisions of this court to the contrary, which must be deemed to have settled the law of this state on the subject. The whole matter of the allowance of interest is one of public policy, in which the will of the legislature is supreme. If the view heretofore announced by the court is regarded as mistaken, the remedy is in the hands of that body. And while this view remains in force it is better that it should be consistently adhered to and carried to its logical result, than that its effect should be restricted by a resort to artificial distinctions to avoid any hardship deemed to follow from it.

The plaintiff, however, maintains that the present case does not fall within the rule referred to, because the action is not founded upon tort, but upon the breach of the defendant's contract, evidenced by the bill of lading, to carry the wheat to its destination and deliver it in the same condition in which it was received. While the relations between the parties are in a sense contractual, the action is essentially one to recover damages for the violation by the defendant of a duty laid upon it by the law, independent of its own consent. The petition charges that the wheat was injured by the negligence of the defendant, and by its misbehavior as a common carrier. With respect to the matter now under consideration, the plaintiff's claim is to be classified as one based upon the wrongful injury to or destruction of its property.

The plaintiff also contends that here the damages are not to be regarded as unliquidated, because they were fixed and definite in amount. This contention is based upon two theories.

The first is that the defendant was liable in the sum the consignee had contracted to pay to the plaintiff for the wheat. As no notice to the defendant regarding the existence of this contract was shown, its liability was not affected by it. (6 Cyc. 529.) The other theory is that the market value of the wheat was capable of exact ascertainment, being a mere matter of computation. The answer of the defendant included a general denial. The plaintiff was required to show the quantity, quality and market value of the wheat. These were all matters as to which issues were joined, and concerning which there might have been some actual controversy, although it appears that in fact the defendant offered no evidence in contradiction of that introduced by the plaintiff, on which the judgment was based. The value of property destroyed may doubtless be more readily and satisfactorily determined where it consists of a shipment of wheat than where, for instance, it consists of hay in the stack. But the difference is in degree rather than in kind. In most cases a reasonably close estimate of the value of chattels can be made, and no good reason is apparent for making a distinction in this regard between one kind and another. And the circumstance that the party to be charged does not attempt at the trial to contradict the evidence offered by the owner of the property does not warrant a departure from the general rule as to the allowance of interest.

A final contention of the plaintiff is that he should at least recover interest on the $293 which the railway company received from the sale of the wheat. As damages were allowed on the basis of the value of the wheat at San Antonio, the defendant had a right to deduct from the salvage the freight charges, $177.50. The plaintiff was at all times entitled to the balance, or $115.50, and the defendant should pay interest on that amount for any period during which it was wrongfully withheld. The court found that the defendant had at once offered to pay the $115.50 in full settlement of its liability. This of course did not constitute a sufficient tender, by reason of the condition imposed. But the answer, filed July 6, 1911, included an unconditional offer to pay that amount. As the defendant appears to have retained all the salvage, without an offer to pay over any part of it, for a period of substantially three years, it should be charged with legal interest for that

time on the proceeds of the sale in excess of the freight. The judgment will be modified by adding that amount, and as so modified, affirmed.