No. 20,605.

THE WELSBACH STREET LIGHTING COMPANY, *Appellant*, v. THE CITY OF WICHITA, *Appellee*.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion denying a rehearing filed December 8, 1917. (For original opinion of reversal see 101 Kan. 452.)

*S. B. Amidon, W. M. Dedrick*, both of Wichita, and *J. W. Dana*, of Kansas City, Mo., for the appellant.

*Earl Blake*, and *J. N. Haymaker*, both of Wichita, for the appellee; *R. C. Foulston*, city attorney, of counsel.

OPINION DENYING A REHEARING.

The opinion of the court was delivered by

DAWSON, J.: In a petition for a rehearing some minor matters are again urged upon our attention which were not discussed in the court's opinion in this case. (101 Kan. 452.) We note them now. No legal significance is attached to the letter of the city clerk dated November 1, 1910, addressed to plaintiff, giving notice that the city "will discontinue the use of street lights furnished by your company under contract, which expired on the 31st day of June, 1910," etc. As we have seen, the contract did not expire in June, and if plaintiff had given countenance to this letter it would have but added another circumstance to the incidents discussed in our former opinion upon which the defendant relied to establish a waiver. The same observation may be made as to the telegram of January 4, 1911, sent to plaintiff by one of the city commissioners, threatening certain consequences if plaintiff did not remove its property *within fifteen days*. That telegram did not terminate the contract. These incidents merely tend to show that the city was seeking some strategic means of getting rid of its con-

Garner v. Grocery Co.

tractual relations with plaintiff. It does not fall within a court's province to teach parties how they may effectively breach and terminate their contracts, but some reference thereto will be found in *Construction Co. v. Sedgwick County*, 100 Kan. 394, 164 Pac. 281.

A suggestion is made that the trial court will not know what judgment to enter, intimating that there is some dispute as to the proper computation of interest. This matter was not raised in the appeal, but it may be helpful to say that the defaulted payments for the lighting services performed should only draw simple interest at the legal rate from the dates when they were severally due under the contract. Of course, the damages for the breach of the contract do not begin to bear interest until the judgment is rendered.

Rehearing denied.