No. 21,724.

R. A. LOWER, *Appellant and Appellee,* v. H. H. SHORTHILL et al.
(B. L. LIGHT, *Appellee and Appellant*).

### OPINION DENYING A REHEARING.

#### SYLLABUS BY THE COURT.

1. UNLIQUIDATED DAMAGES—*Interest from Date of Judgment Only.* Before the rendition of judgment, interest is not recoverable on unliquidated damages which are not ascertainable by computation based on some fixed standard of measurement.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion denying a rehearing filed December 7, 1918. (For original opinion of reversal, see *ante,* p. 534.)

*W. D. Vance,* and *R. E. McTaggart,* both of Belleville, for the appellant.

*N. J. Ward,* of Belleville, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In a petition for a rehearing, the defendant says that he makes no complaint as to the principles of law set forth in the opinion, but he does contend that the court was not warranted in the conclusion that the testimony offered tended to show that plaintiff took possession and made a sale of the property under the chattel mortgage. That question was fully considered in the original hearing of the case, and a reëxamination of the testimony in the abstracts leaves us in no doubt that there was sufficient evidence to require the submission of the case to the jury. A question was presented, and not determined, as to whether interest is allowable upon any damages that may be recoverable by the defendant under his cross petition. Although the judgment has been reversed, the question may arise on a retrial of the case, and therefore it may be properly determined on this appeal. The general rule, to which there are a few exceptions, is that interest is not allowed on unliquidated damages. The damages sought by defendant are based on tort—the alleged fraudulent withholding of a second mortgage from the record to enable the plaintiff, who

Lower v. Shorthill.

held the first mortgage, to dispose of the mortgaged property to an innocent purchaser, free from the lien of defendant's mortgage, and for a sum less than its actual value, the claim being that it was willfully done to make the second mortgage worthless and to defeat and to defraud the defendant. The damages, if any, which were sustained by the defendant, depend upon whether a *bona fide* sale was made of the blacksmith tools, machinery and appliances for their actual value, and what surplus, if any, remained after the satisfaction of the first mortgage debt, together with the necessary expenses incident to the sale. The amount of damages sustained was conditioned on whether there was a surplus, and that depends on the value of the tools and appliances, about which there was much dispute. The uncertainty as to their value is illustrated in the testimony of the witnesses, whose estimates of value ranged from $300, the amount for which the sale was made, up to $1,400. It is clear that the damages, if any were sustained, arose on a tort, were unliquidated, and were not ascertainable by computation. Since the amount of damage was not susceptible of being made certain by any fixed standard, the plaintiff could not know the extent of his liability, and hence could not be in default for failing to pay. The amount due upon such a claim cannot be made certain except by a verdict or judgment, and in such cases interest can only be recovered from the time the amount of damage is so determined. There are some exceptions to the rule that interest is not recoverable on unliquidated damages which are not ascertainable by computation or measured by some fixed standard, but the present case does not come within any of these exceptions. (*A. T. & S. F. Rld. Co. v. Ayers,* 56 Kan. 176, 42 Pac. 722; *Milling Co. v. Buoy,* 71 Kan. 293, 80 Pac. 591; *Latham v. Harrod,* 83 Kan. 323, 111 Pac. 432; *Evans v. Moseley,* 84 Kan. 322, 114 Pac. 374; *Roe v. Snattinger,* 91 Kan. 567, 138 Pac. 581; *Street Lighting Co. v. City of Wichita,* 102 Kan. 4, 169 Pac 193.)

The petition for a rehearing is denied.