## STATE OF KANSAS

---

## JULY TERM, 1924.

---

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,  } JUSTICES.
HON. W. W. HARVEY,
HON. RICHARD J. HOPKINS,

---

. No. 24,358.

MARY F. PRIEST, *Appellee,* v. KANSAS CITY LIFE INSURANCE COMPANY, *Appellant.*

### OPINION DENYING A REHEARING.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion denying motions for a rehearing and for a modification of judgment filed November 8, 1924. (For original opinion of reversal see 116 Kan. 421, 227 Pac. 538.)

*Robert Stone, George T. McDermott, Robert L. Webb, Beryl R. Johnson,* all of Topeka, *James C. Jones,* of St. Louis, Mo., and *Frank W. McAllister,* of Kansas City, Mo., for the appellant.

*Park B. Pulsifer, Clyde L. Short, Charles L. Hunt,* and *C. J. Putt,* all of Concordia, for the appellee.

The opinion of the court was delivered by

MASON, J.: The judgment in favor of the plaintiff having been reversed, and a new trial ordered, she has filed a motion for a rehearing, and the defendant a motion for a modification of this court's order so as to direct a judgment in its favor. The motions are overruled, but some of the matters referred to therein will be briefly discussed.

Nothing in the opinion was intended to indicate that an answer of the jury "We don't think so" was not to be treated as a negative, although it may in connection with other answers of "We don't know" suggest a disinclination to pass upon an issue positively, and has been referred to as evasive. (*Telegraph Co. v. Morris*, 67 Kan. 410, 73 Pac. 108.)

The failure of the jury to return direct answers to the questions whether on or before the date of the application for life insurance the insured had certain diseases or symptoms is important, notwithstanding they found that on that date he was not in bad health and that he did not have chronic Bright's disease on or before that date, for these reasons: The finding that he was not in bad health was in the nature of a conclusion, or at least of a fact into which a number of elements entered, and the defendant was entitled to a definite answer as to each element concerning which an interrogatory was submitted. Moreover, it related only to the condition of the insured on the date of the application, while the questions which were not directly answered referred as well to his condition at any time before that. The finding that he had not had chronic Bright's disease on that date or earlier does not answer the questions as to acute Bright's disease or other symptoms and diseases. The materiality of the question concerning the consultation of a physician by the insured was not affected by the findings as to his health at the time of the application.

The refusal of the trial court to require a more explicit answer than "We don't know" to questions submitted to a jury will not always require a reversal. We think it entitled to that effect here, especially because of the strength of the evidence produced by the plaintiff upon the issues to which the questions related. The plaintiff places much stress upon *Kalina v. Railroad Co.*, 69 Kan. 172, 76 Pac. 438, and similar cases. There the opinion, in announcing the rule that an answer "We don't know" is to be interpreted as a finding against the party having the burden of proof upon the question submitted, merely cites and follows *Railroad Co. v. Swarts*, 58 Kan. 235, 48 Pac. 953. That case, in turn, merely applies the rule declared in the leading case on the subject, *Morrow et al. v. Com'rs of Saline Co.*, 21 Kan. 484, 504, which was quoted from in the original opinion herein, and in which it was said with reference to the jury's answers of "We don't know": "It is therefore a right of a party to have a direct response to the questions. Here, however, the parties

were content to abide by these answers; and each party, when invited by the court, declined to ask for further or more specific answers." Of the other two citations in the Swarts case, one (*A. T. & S. F. Rld. Co. v. McCandless, Adm'r*, 33 Kan. 366) merely followed the Morrow case, and the other (*K. P. Rly. Co. v. Peavey*, 34 Kan. 472) held an instruction erroneous which told the jury to answer "don't know" if there was "not sufficient evidence in favor or against any question to warrant an intelligent answer," this court saying: ·

"The trial court should not have given it; for where such an instruction is given the jury will generally answer many of the questions by simply saying 'Don't know,' when in fact they might and ought to give, under the evidence, intelligent answers to the questions." (p. 486.)

In the case now under consideration, as already indicated, we regard the questions to which the answer "We don't know" was returned as so related to those answered "We don't think so" that the granting of a new trial because more definite answers to the former were not required calls for the setting aside of all the findings, including those made by the giving of the latter answer.

In the original opinion it was held that the purpose and effect of the provision that the policy should not take effect "unless the applicant is in good health at the time of its delivery" was to protect the company against a new element of risk through a change in the condition of the applicant occurring after the company's investigation had been made; that it did not mean that no contract of insurance resulted if the insured at the time he made his application suffered from an ailment of which he was not conscious and which still existed when he received the policy. Mention was made of a line of North Carolina decisions which go further and hold that such a clause has entirely spent its force when the policy has been delivered, this court saying that the soundness of that view need not be passed upon. The plaintiff suggests that the ruling should be made more definite. The question passed upon was raised by the defendant's contention that the trial court erred in refusing to instruct that no recovery could be had unless the insured was in good health when the policy was delivered to him. Our decision is, upon the ground indicated, that the instruction was properly refused. We do not regard it as necessary or desirable at this time to accept or reject the somewhat extreme view of the North Carolina court.

The defendant urges a reconsideration of the ruling concerning the effect of the clause referred to, on the ground that it is against

the better reasoning and the weight of authority. It is true a number of cases—perhaps a majority of those which. have passed upon the matter—favor a literal interpretation of the provision of a life insurance policy that it shall not take effect unless the insured is in good health at its delivery. (25 Cyc. 720, 810; Note, 17 L. R. A., n. s., 1144.) Their weight to some·extent is impaired by these considerations: As a rule they rest upon a mere following of the · bare words of the clause, without applying the rule of construing against the insurer language which is open to interpretation, and without an attempt to ascertain its real purpose in the light of the entire contract. In them the discussion is sometimes complicated with questions as to the effect of warranties and guarantees. If the clause is taken with absolute literalness it would render futile provisions making the policy incontestable on account of health conditions after a specified time, for if it never took effect such provisions could not operate. And if it is taken literally, a policy could be defeated by showing the existence of some disease antedating the application, although death resulted from accident, and this in spite of a statute making misrepresentations concerning an applicant's health immaterial where they have no relation to the cause of death. The clause in question is often joined with one that the policy shall not take effect unless delivered while the applicant is alive. The obvious purpose of the latter provision is to guard against the death of the insured between the application and delivery, and a like purpose is reasonably to be inferred with respect to the former. In addition to the cases cited in the original opinion, these tend to support the view we there announced, and to which we adhere: *Johnson v. Royal Neighbors*, 253 Ill. 570, 576; *Webster v. Columbian Nat. Life Ins. Co.*, 116 N. Y. Supp. 404, 408.

The plaintiff asks to have the ruling embodied in the portion of the original opinion designated by the figure 5 made more explicit. Our holding was intended to cover the proposition that the testimony (by deposition) of the Chicago physician as to what the insured told him of his condition, and also as to what conclusion he drew from these statements and his own observations (a part of which is shown on pages 57, 58, 61 and 62 of the abstract), which was withheld from the jury, should have been admitted.

The jury, instead of returning a verdict for the aggregate amount of $10,000 with the interest added, assessed the recovery of "$10,000 with interest thereon from January 9, 1915, at 6 per cent per

annum," and the district court followed the same formula in rendering judgment. The plaintiff complains of the trial court's refusal to include the computed amount of the accrued interest in that for which judgment was rendered, so that the whole would bear interest from the date of the judgment. That may have been the effect of the statute as the judgment was written (R. S. 41-104; *Roe v. Snattinger,* 91 Kan. 567, 138 Pac. 581; 33 C. J. 215), but we think the plaintiff was entitled to have it expressly recited.

Further additions to the original opinion are thought to be unnecessary. The plaintiff's motion for a rehearing, and the defendant's for a modification of the order so as to direct judgment, are overruled.