No. 28,283.

ED C. SANFORD, *Appellee*, v. THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, *Appellant*.

(272 Pac. 151.)

Opinion filed December 8, 1928.

*H. M. Langworthy, Byron Spencer, Frank H. Terrell,* and *R. G. Merrick, Jr.,* all of Kansas City, Mo., for the appellant; *H. J. Nelson,* of St. Joseph, Mo., of counsel.

*Grant W. Harrington,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is one to recover damages for failure to deliver corn and wheat shipped by the plaintiff over the defendant's line of railroad. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

Eight causes of action were set out in the petition. The first

alleged shipment of a carload of corn, consisting of 81,600 pounds, from Byran, Neb., to Sherman, Tex., 80,100 pounds of which was delivered; the remainder was not delivered. The other seven counts were based on carload shipments of wheat from Byran, Neb., to Kansas City, Mo., the major portion of each carload of which was delivered, but a part of each carload was not delivered, the shortage on each carload being from 600 pounds to 1,200 pounds. The total amount for which the plaintiff asked judgment was $132.16.

1. The defendant contends that "the measure of damages for loss in shipment of grain is the market value at the point of destination." Over objection, the plaintiff was permitted to prove the value of corn at Byran, Neb., which was 60¾ cents per bushel. The shortage was shown to be 1,500 pounds of corn. Plaintiff claimed judgment on the corn for $14.06, and the jury returned a verdict for that amount. It is contended that the proper measure of damage was the value of the corn at Sherman, Tex., instead of at Byran, Neb. If this were true, the defendant was not hurt by the introduction of the evidence, because the corn probably would have had a greater value per bushel after shipment to Sherman, Tex., than it had at Byran, Neb. The difference would have been so small that it is not worthy of consideration in an appellate court.

2. Another complaint is that "the judgment rendered and entered of record by the trial court in this cause is contrary to the pleadings, evidence and verdict." The amount claimed in the petition was $132.16. The verdict was for that amount. Judgment was rendered for $140.08 and interest. The difference between the amount claimed and the judgment rendered was $7.92. Interest at six per cent on $132.16 for the year that had lapsed between the shipment of the grain and rendition of the verdict would be $7.92. Evidently, from the record, the court allowed interest on the amount of the verdict of $132.16. Defendant contends that this was error, that the plaintiff sought to recover unliquidated damages, for which interest is not allowed in this state. We quote from *Lower v. Short-hill*, 103 Kan. 904, 176 Pac. 647, as follows:

"It is clear that the damages, if any were sustained, arose on a tort, were unliquidated, and were not ascertainable by computation." (p. 905.)

"Before the rendition of judgment, interest is not recoverable on unliquidated damages which are not ascertainable by computation based on some fixed standard of measurement." (Syl.)

In *Grain Co. v. Railway Co.*, 96 Kan. 1, 149 Pac. 744, this court said:

"In an action against a carrier for damages on account of the injury to or destruction of property in transit, interest is not recoverable." (Syl. ¶ 1.)

See, also, *A. T. & S. F. Rld. Co. v. Ayers*, 56 Kan. 176, 177, 42 Pac. 722; *Milling Co. v. Buoy*, 71 Kan. 293, 80 Pac. 591; *Evans v. Moseley*, 84 Kan. 322, 323, 114 Pac. 374.

It was error for the court to render judgment for more than the amount of the verdict, even if that increase was for interest on the damage sustained, but the amount of error is readily ascertainable, $7.92, and the judgment can be reduced by that amount.

3. Another matter urged is that "the trial court erred in excluding relevant, competent, and material testimony and documentary evidence offered on behalf of the defendant." The defendant attempted to prove that the plaintiff had shipped over the defendant's line of railroad a number of other cars of grain, on nearly all of which he made claims for shortage at about the same ratio as those claimed in the petition in the present action. That evidence was excluded. Even if it had been competent, concerning which there is serious question, it cannot be considered because it was not in any way produced on the hearing of the motion for a new trial. (R. S. 60-3004; *State v. Vandruff*, 125 Kan. 496, 264 Pac. 1060.)

The judgment is modified by reducing it to $132.16 and interest on that amount from the date the judgment was originally entered. As modified, the judgment is affirmed.