No. 28,917.

HARRY GRINDLEY, *Appellant,* v. S. R. WOODS and J. H. ROSS, *Appellees.*

(282 Pac. 573.)

Opinion filed December 7, 1929.

*A. L. Moffat,* of Kinsley, for the appellant.
*John A. Etling,* of Kinsley, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for an accounting. Plaintiff prevailed in part only and appeals, contending that the trial court

erred in the allowance to defendants of an item of interest and the charging to plaintiff of one-half the allowance to the referee for his services.

The facts were substantially that the plaintiff was employed by the defendants in 1925 to assist them in the business of selling tractors and to perform certain other services; that no agreement was made as to the amount of compensation which plaintiff should receive, but in the fall of that year settlement was made and the plaintiff paid on a basis of $50 for each tractor sold in Edwards county; that plaintiff continued in the employ of the defendants during 1926, when another settlement was made on the same basis as before; that plaintiff continued in the employ of the defendants in 1927; that when the year's business was finished the parties failed to agree and plaintiff brought this action to recover a claimed amount of $1,729.85.

After the issues were framed plaintiff asked for a reference because of the necessity of an examination of mutual accounts. The order was accordingly made and Hon. W. E. Broadie appointed as referee to hear the case. In due time after a hearing the referee filed his report, whereupon the plaintiff filed a motion to modify the report and to strike therefrom an item of interest on a $600 promissory note of plaintiff held by the defendants. He also filed a motion for a new trial. Both motions were denied, the report of the referee approved and judgment entered for the plaintiff in the sum of $269.50. The court fixed the referee's fee at $100, ordered it taxed as costs and that one-half the referee's fee be taxed to the plaintiff; also that the costs be divided, one-half to the plaintiff and one-half to the defendants.

The plaintiff contends that the court erred in allowing interest on the $600 note; that inasmuch as the plaintiff recovered a judgment against the defendants in excess of defendants' claim against him, the note should be deemed to have been discharged. We cannot concur in this contention. Plaintiff's claim against the defendants was in dispute, unliquidated and could draw no interest until it was put in judgment. Plaintiff claimed a much larger amount than he recovered and it was not until after judgment was finally rendered that the amount of the defendants' indebtedness to the plaintiff was ascertained.

"The general rule which denies the right to interest on unliquidated demands has found very frequent application in the case of unliquidated demands

for services rendered, which as a general rule do not bear interest until rendition of judgment. And it has been said that this is especially true where the account was not rendered before suit, and where a greater sum was claimed than was allowed. But an employee wrongfully discharged before the expiration of his contract of employment may recover interest on the amount of wages due him according to contract from the date of his discharge to the expiration of the period, if the action is not brought before the expiration of the agreed term." (33 C. J. 211.)

(See, also, *Roe v. Snattinger*, 91 Kan. 567, 138 Pac. 581; *Lower v. Shorthill*, 103 Kan. 904, 176 Pac. 647; *Prewett v. Van Pelt*, 118 Kan. 571, 235 Pac. 1059.)

The contract rate of interest on the note to which the defendants were entitled was ten per cent. The plaintiff's claim was not due until the end of the season of 1927 and bore no interest. Nor did the plaintiff ask for interest. If the plaintiff's contentions were correct he would have been entitled to recover interest upon an unliquidated claim not yet due at the rate of ten per cent per annum. The cross claims between these parties did not arise out of the same transaction and were not of the same character of indebtedness. One was a liquidated claim which carried with it an agreed rate of interest. The other was an unliquidated claim which could bear no interest until liquidation.

The plaintiff asked the court for a referee, representing the action to be one of an equitable nature involving the examination of mutual accounts. He cannot now be heard to claim otherwise. An action for an accounting is an equitable action. (*Fisher v. Rakestraw*, 117 Kan. 441, 232 Pac. 605; *Spena v. Goffe*, 119 Kan. 831, 241 Pac. 257.) Being so, it follows that the division of costs was a matter within the sound discretion of the court.

"Touching the error assigned on the division of costs, it must be borne in mind that this case was one of an equitable character where the trial court has a wide discretion in apportioning the costs." (*Amusement Syndicate v. Martling*, 118 Kan. 370, 379, 235 Pac. 126.)

We find no error in the record. The judgment is therefore affirmed.